UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD ELBERT ROGERS, JR.,<br><br>    Plaintiff,<br><br> v.<br><br>BENEWAH COUNTY SHERIFF'S OFFICE; UNDERSHERIFF TYLER MORRIS; SGT. DUSTIN PULLEY; and DEPUTY ANTHONY PETERSON,<br><br>    Defendants. | Case No. 2:23-cv-00578-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

  Plaintiff Richard Elbert Rogers, Jr., is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*See Initial Review Order*, Dkt. 9). Plaintiff has now filed an Amended Complaint. (Dkt. 14-1). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. § 1915A.

**1. Request for Appointment of Counsel**

  Plaintiff seeks appointment of counsel. (*Am. Compl.*, Dkt. 14-1 at 1). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).

Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case; rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. Additionally, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

2. **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3.      **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. As the Court explained in the Initial Review Order, the statute of limitations for Plaintiff's excessive force claims is two years. (*See* Dkt. 9 at 6). Plaintiff was allegedly subjected to such force by police officers on August 26, 2021, but he did not file the instant action until December 15, 2023—nearly four months beyond the end of the two-year limitations period.

In the Amended Complaint, Plaintiff contends that he did not know he was beaten by police until his attorney told him so. (*Am. Compl.* at 2). This contention is implausible because it is not supported by any facts suggesting Plaintiff did not remember his arrest or the arresting officers' conduct. Instead, Plaintiff appears to be alleging he did not know the officers *violated the law* until he spoke to his attorney. The limitations period, however, begins to run when a plaintiff knows of his *injury*, not "when the plaintiff suspects a legal wrong." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008) (internal quotation marks omitted). Therefore, Plaintiff has not shown that his excessive force claims are timely.

As for Plaintiff's remaining claims—those alleging perjury at Plaintiff's criminal trial—the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), prohibits the Court from considering them. Plaintiff contends that he was wrongfully convicted based on the alleged perjury. This contention challenges the validity of his current incarceration, and Plaintiff has not shown his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Thus, success on Plaintiff's perjury claims "would necessarily imply the invalidity" of Plaintiff's conviction. *Id.*

Plaintiff has not established that his claims are permissible at this time under *Heck*. These claims will be dismissed without prejudice, meaning that if Plaintiff's conviction is ultimately called into question, he may reassert his perjury claims. For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**4.      Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motions for Extensions of Time (Dkts. 12 and 13) are GRANTED.

2. Plaintiff's Motion to Review the Amended Complaint (Dkt. 14) is GRANTED IN PART, to the extent the Court has reviewed the Amended Complaint under 28 U.S.C. § 1915A.

3. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 9), this entire case is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's excessive force claims are dismissed with prejudice, while his perjury claims are dismissed without prejudice.

DATED: October 2, 2024

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge